UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL FOSTER,** ) | Case No.  1:05 CV 1009 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **CHRISTINE MONEY, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Pending is the post-judgment Motion for Discharge and for Final Unconditional Writ of Habeas Corpus filed by Petitioner Michael Foster on August 15, 2008 (the "Motion") (**ECF No. 27**).  For the following reason, the Motion is **DENIED**.

### I.  Background[1]

In 2002, Michael Foster pled guilty to eleven of eighteen felony charges[2] and was re-sentenced, after the conclusion of his direct appeal in 2004, to a prison term of 58 years. (ECF No. 15, at 1.)  On April 20, 2005, Foster filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (ECF No. 1.)  Therein, Foster contended that his guilty plea was involuntary because it was made under fear for his life in the Cuyahoga County Jail, and that his appellate counsel was ineffective for failing to raise this issue on direct appeal

---

[1]The Court need not recount the entire history of this case, which has been accurately laid out in Magistrate William Baughman's Report and Recommendation (the "R&R").  (See ECF No. 15, at 5-20.)

[2]The felonies included multiple counts of aggravated robbery, felonious assault, kidnapping and attempted aggravated murder with firearms specifications.

despite his direction that she do so. (Id.) The case was automatically assigned to Magistrate Judge William H. Baughman, Jr., for preparation of a Report and Recommendation ("R&R"). (ECF No. 4 (citing Local Rule 72.2.).) After establishing a briefing schedule and reviewing the briefs and the record, Magistrate Baughman issued an R&R urging this Court to conditionally grant a writ of habeas corpus so that Foster could either re-enter a plea to the charged offenses free from violence or stand trial. (See ECF No. 15.) Both Foster and Respondent filed objections. (Respectively, ECF Nos. 16, 18.) On November 8, 2007, after reviewing the R&R, the objections and the entire record, the Court issued a Memorandum of Opinion and Order overruling all objections, adopting the R&R and conditionally granting the writ of habeas corpus, stating:

> The Court hereby **DIRECTS** that Petitioner Michael Frost be brought before the state court judge within 120 days of the issuance of this order to either have a trial date set, or to tender a new plea.

ECF No. 20, at 7.) On November 16, 2007, the Court *sua sponte* issued an order, under Fed. R. Civ. P. 60(a), correcting the Petitioner's name from Michael "Frost" to Foster. (ECF No. 23.)

On August 15, 2008, Foster filed the pending Motion. (ECF No. 27.) Foster now asks the Court to change the conditional writ to an unconditional one and discharge him from criminal liability for the indicted offenses because the State of Ohio missed this Court's deadline for setting a trial by twenty days. (Id., at 1.) Foster notes that, even under the most conservative count (i.e., "from the issuance of the mandate to the time that counsel for the State, defense and bailiff orally agreed (outside the presence of the judge) to a date"), the State missed the deadline by one day. (Id.) The Respondent has filed a brief opposing the Motion, arguing that Foster is

not entitled to the relief he seeks because the state court substantially complied with this Court's November 2007 orders.  (ECF No. 28.)

The record shows that the state trial court received this Court's initial order conditionally granting the writ on November 14, 2007, and the subsequent order correcting the initial one on November 29, 2007.  (See ECF No. 27-2 ("State Court Docket"), at 15.)  On January 8, 2008, Foster's first attorney filed a motion to withdraw and, the next day, the Cuyahoga County Public Defender was appointed to represent Foster.  (Id.)  On January 17, 2008, a pretrial conference was held during which Assistant Public Defender John Martin was assigned to represent Foster, Judge Friedland recused herself due to the possibility that she may be a witness in the civil suit Foster filed against Cuyahoga County Jail officials, and Foster consented to future pretrial conferences being held without his presence.  (Id.)  On January 22, 2008, the case was assigned to Judge Judith Kilbane-Koch who scheduled a pretrial conference on February 7, 2008.  At Foster's request, the February 7 pretrial was first continued to February 29, 2008, and then to March 7, 2008 – this Court's deadline for the state court to schedule a trial or for Foster to enter a new plea.  (State Court Docket at 15.)  On March 6, 2008, however, Assistant Public Defender Martin filed a motion to withdraw as Foster's counsel.  (Id.)  At the March 7 conference (at which Foster was present), the state court granted counsel's motion to withdraw and continued the March 7 pretrial, at the request of the parties, to March 14, 2008.  (Id.)  On March 14, 2008, the parties and the prosecutor met with the judge's bailiff and agreed that the trial would take place on June 11, 2008.  (ECF No. 27-2, at 12.)  This agreement is reflected in a docket entry on that date indicating that the trial was scheduled for June 11, 2008, and that the pretrial conference was continued to March 28, 2008.  (See State Court Docket at

14-15.) According to the docket sheet, several more pretrial conferences were scheduled and/or held; the State eventually requested a continuance of the June 11, 2008 trial date and, on July 15, 2008, the case was scheduled for trial on September 15, 2008, by agreement of the parties. (Id. at 14.)

A review of the state court criminal docket on September 4, 2008 shows that the trial is presently scheduled to go forward on September 15, 2008 – although it appears that Foster recently filed a *pro se* motion to remove his counsel.

## II.    Law

"Conditional grants of the writ of habeas corpus provide the state with a window of time within which it may cure the constitutional error." *McKitrick v. Jeffreys*, 255 Fed. App. 74, 75, 2007 WL 4012561, at *1 (6th Cir. Nov. 15, 2007) (citing *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006)). When the state fails to cure the error within the time prescribed in the order, the conditional grant of such writ generally requires the petitioner's release from custody. *Id.* The district court may make exceptions, however, if the state substantially complies with the order. *McKittrick*, 255 Fed. App. at 76.

A district court's broad discretion in fashioning habeas relief includes the ability to evaluate whether the state has provided a legitimate reason for its delay in executing the conditions set forth in a conditional writ. *McKittrick*, 255 Fed. App. at 76, 2007 WL 4012561, at *2 (citing 28 U.S.C. § 2243 and *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, __ U.S. __, 127 S.Ct. 838, 166 L.Ed.2d 667 (2006)). "When a petitioner alleges noncompliance with a conditional order, the district court must make a finding concerning the sufficiency of the action that the state has taken pursuant to the district court's mandate, and it must also evaluate the prejudice to the petitioner by any noncompliance." *McKitrick*, 255 Fed. App. at 76, 2007

WL 4012561, at *2 (citing *Phifer v. Warden, United States Penitentiary, Terre Haute, Inc.*, 53 F.3d 859 (7th Cir. 1995)). The Sixth Circuit has, on occasion, affirmed a district court's finding of substantial compliance with a conditional writ. *See, e.g., McKitrick,* 255 Fed. App. 74*; Rose v. Eagle*, No. 85-3740, 1986 WL 16122 (6th Cir. Sep. 9, 1986)*; see also Santos-Rosario v. Rhyniaceae*, No. 05-CV-70456, 2006 WL 847111, at *1-2 (E.D. Mich. Mar. 30, 2006).

### III.   Analysis

The record shows that, within two months after receiving my corrected order granting the conditional writ of habeas corpus (which time period occurred over the winter holidays), Foster's counsel withdrew his representation, the state court immediately appointed the Public Defender's Office to represent him, a pretrial conference was held during which trial counsel was specifically assigned and the state judge recused herself, and the case was assigned to a different judge who immediately scheduled a pretrial conference on February 7, 2008. It was Foster who successfully requested two continuances of that pretrial conference to March 7, 2008 – the deadline according to my order for scheduling a trial date or entering a new plea. The day before that pretrial conference, however, Foster's counsel filed a motion to withdraw. At the conference held on March 7, 2008, the state court granted Foster's motion and, at the request of and by agreement of the parties, the judge rescheduled the pretrial conference to March 14, 2008. On that date, the parties agreed to a trial date of June 11, 2008, and Foster has now agreed to a trial date of September 15, 2008.

My order conditionally granting the writ of habeas corpus contemplated only a deadline by which the state court was to schedule a trial or Foster was to enter a new plea. The docket clearly shows, and I find, that it is not any action by the State that resulted in the trial not

being scheduled by my deadline.  Rather, it was Foster's own requests for continuances of the February 7, 2008 pretrial conference – and his request on March 6, 2008 for new counsel – that resulted in the trial being scheduled one week after my deadline.  Furthermore, because Foster agreed to trials in June and September 2008, I conclude that he can show no prejudice.

### IV.   Conclusion

Because the delay in complying with my order is the result of steps taken by Foster, and because he can show no resulting prejudice, the post-judgment Motion for Discharge and for Final Unconditional Writ of Habeas Corpus (**ECF No. 27**) is hereby **DENIED**.

**IT IS SO ORDERED.**

 /s/Dan Aaron Polster     September 4, 2008
**Dan Aaron Polster**
**United States District Judge**